UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                        :    Chapter 11
In re:                                                  :
                                                        :    Case No.: 09-*77781 (dte)*
**SONIX MEDICAL RESOURCES, INC.**                       :
Et al.
                                                        :    (Jointly Administered)
                        Debtors.                        :
                                                        :
------------------------------------------------------- X

**INTERIM ORDER PURSUANT TO SECTIONS 105(a), 345(b), 363(b), 363(c) AND 364(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 6003 AND 6004 (A) AUTHORIZING DEBTORS TO (i) CONTINUE TO USE EXISTING CENTRALIZED CASH MANAGEMENT SYSTEM, AS MODIFIED, (ii) HONOR CERTAIN PREPETITION OBLIGATIONS RELATED TO THE USE OF THE CASH MANAGEMENT SYSTEM, AND (iii) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS; (B) EXTENDING THE DEBTORS' TIME TO COMPLY WITH SECTION 345(b) OF THE BANKRUPTCY CODE; AND (C) SCHEDULING A FINAL HEARING**

Upon the motion, dated *October 15, 2009* (the "Motion"), of Sonix Medical Resources, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105(a), 345(b), 363(b), 363(c) and 364(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (A) for authorization to (i) continue to use the Debtors' centralized cash management system, as modified (the "Cash Management System"); (ii) honor certain prepetition obligations related to the Cash Management System; (iii) maintain and utilize existing bank accounts (the "Bank Accounts") and business forms (the "Business Forms"); and (iv) modify the Cash Management System, including the closing of any existing Bank Account(s) and the opening of any new bank accounts, as may be necessary in connection with section 345 of the Bankruptcy Code; (B) for authorization and directing financial institutions to honor the Debtors' requests to open or close, as the case may be, the

Bank Accounts or additional bank or investment accounts; and (C) to schedule a final hearing (the "Final Hearing") granting the relief requested in the Motion on a final basis, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein ; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for the Eastern District of New York (the "U.S. Trustee"), (ii) counsel to Debtors' prepetition lender, and (iii) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the Affidavit of Jack Colbert Pursuant to Local Bankruptcy Rule 1007-4, sworn to on October 14, 2009, the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted on an interim basis; and it is further

ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue to manage their cash pursuant to the Cash Management System maintained by the Debtors prior to the commencement of their chapter 11 cases (the "Commencement Date"), as modified by this Order, and to collect, concentrate, and disburse cash in accordance with the Cash Management System, including intercompany transfers of funds; and it is further

ORDERED that pursuant to section 105(a) of the Bankruptcy Code, each of the banks listed on Exhibit A hereto (the "Banks") are authorized and directed to commence immediately automatic transfers (the "Automatic Transfers") on a daily basis, or as often as practicable, of all available funds currently in or received into its accounts, including deposit and lockbox accounts, maintained in the Debtors' names and any successor account designated by the Debtors (the "Master Operating Account"); and it is further

ORDERED that the Debtors shall maintain accurate records of all transfers within the Cash Management System so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent maintained by the Debtors prior to the Commencement Date; and it is further

ORDERED that the Debtors are authorized to: (i) designate, maintain and continue to use any or all of their existing Bank Accounts listed on Exhibit A, annexed hereto, in the names and with the account numbers existing immediately prior to the Commencement Date, (ii) deposit funds in and withdraw funds from such accounts by all usual means including,

without limitation, checks, wire transfers, automated clearinghouse transfers and other debits, (iii) pay any bank fees or charges associated with the Bank Accounts, and (iv) treat their prepetition Bank Accounts for all purposes as debtors in possession accounts; and it is further

ORDERED that except as otherwise provided in this Order, all financial institutions in which the Debtors maintain the Bank Accounts as of the commencement of their chapter 11 cases are authorized and directed to continue to maintain, service, and administer such Bank Accounts without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or other transfers by the holders or makers thereof, as the case may be; provided, however, that nothing contained herein shall authorize any such financial institution to honor any check, draft, wire, or other transfer issued or dated prior to the Commencement Date, except as otherwise provided by further order of this Court; provided, however, that any such financial institution may rely on the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Commencement Date should be honored pursuant to an order of this Court, and such bank shall not have any liability to any party for relying on such representation by the Debtors as provided for herein; and it is further

ORDERED that with respect to those Bank Accounts which are not located in Banks that are Authorized Bank Depositories, the Debtors shall have 30 days (or such additional time as the U.S. Trustee may agreed to) from the entry of this Order (the "Extension Period") to

either come into compliance with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed with the U.S. Trustee; and it is further

ORDERED, that nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Account(s) as they may deem necessary and appropriate, and the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts; provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein; and it is further

ORDERED that the Debtors shall mark "Debtor in Possession" and the chapter 11 case number under which these cases are being jointly administered on their check stock, business form stock, and wire transfer instructions and shall not be required to order new stock with such marking until they exhaust their current stock; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized in connection with the ordinary course of their Cash Management System to obtain unsecured credit and incur unsecured debt in the ordinary course of business without notice and a hearing; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay prepetition amounts outstanding as of the Commencement Date, if any, owed to the Banks as service charges for the maintenance of the Cash Management System; and it is further

ORDERED that Bankruptcy Rule 6003(b) has been satisfied; and it is further

ORDERED that notwithstanding any applicability of Bankruptcy Rules 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6004(a) are waived; and it is further

ORDERED that the Final Hearing to consider entry of an order granting the relief requested in the Motion on a final basis shall be held on *November 12*, 2009 at *11*:00 a.m. (Eastern Time); and any objections to entry of such order shall be in writing, filed with the Court and served upon (i) counsel to the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Debtors' prepetition lenders, and (iv) counsel for any statutory committee appointed in these cases, in each case so as to be received no later than 4:00 p.m. (Eastern Time) on *November 9*, 2009 and it is further

ORDERED that the Debtors shall serve this Order within three business days of its entry on (i) the U.S. Trustee, (ii) counsel to the Debtors' prepetition lenders, and (iii) creditors holding the thirty largest unsecured claims against the Debtors (on a consolidated basis); and it is further

ORDERED that the requirement set forth in Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in support of the Motion is waived.

Dated: October *23*, 2008
     Central Islip, New York

                                       *s/ Dorothy Eisenberg*
                                       UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## BANK ACCOUNTS

| BANK | ACCOUNT TYPE |
|---|---|
| Sonix Medical Resources, Inc.<br>Account Number 4200021261<br>The Park Avenue Bank<br>4419 13th Avenue<br>Brooklyn, NY 11219 | Master Operating Account |
| Sonix Medical Resources, Inc.<br>Payroll Account<br>Account Number 3200011413<br>The Park Avenue Bank<br>4419 13th Avenue<br>Brooklyn, NY 11219<br>(718) 431-0006 | Payroll account |
| Sonix Medical Resources, Inc.<br>Account Number 4200021520<br>The Park Avenue Bank<br>4419 13th Avenue<br>Brooklyn, NY 11219<br>(718) 431-0006 | Tri-County Account (for Chatham Medical Resources, Inc. |