John K. Sherwood, Esq.
Michael Savetsky, Esq.
Cassandra Porter, Esq.
LOWENSTEIN SANDLER PC
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
- and -
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Attorneys for New Jersey Diagnostic Imaging & Therapy, P.A.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SONIX MEDICAL RESOURCES, INC. *et al.*,[1] | Case No. 09-77781 (DTE) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF NEW JERSEY DIAGNOSTIC IMAGING
& THERAPY, P.A. TO DEBTORS' CONTINUED USE OF CASH COLLATERAL**

New Jersey Diagnostic Imaging & Therapy, P.A. ("NJDIT"), by and through its undersigned counsel, respectfully submits this Limited Objection to the Debtors' Continued Use of Cash Collateral, and in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of the subject matter of this application

---

[1] The Debtors are: Sonix Medical Resources, Inc., MRO Resources, Inc., Toms River Resources, Inc., Stony Acquisitions, Inc., Sonix Management Resources, Inc., Chatmondhad Resources, Inc., QKSI Resources, Inc., Brooklyn 49th Street Resources, Inc., Englewood Resources, Inc., Chatham Medical Resources, Inc., and Brick Resources, Inc.

pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Rule 2004 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

4. On October 15, 2009 (the "Petition Date"), Sonix Medical Resources, Inc., and certain of its subsidiaries (collectively, the "Debtors" or "Sonix") commenced these cases by filing petitions for voluntary relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). No trustee, examiner or official committee of unsecured creditors has been appointed in these cases. The Debtors continue to operate their businesses and properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. According to the Debtors' first day affidavit filed in these cases on the Petition Date [Docket No. 6], the Debtors operate eight (8) free standing diagnostic imaging / radiology centers located in the New York metropolitan area. All of these radiology centers are operated out of facilities leased by the Debtors.

6. NJDIT is a New Jersey professional corporation engaged in the practice of medicine in the specialty of radiology.

7. Pursuant to a certain Services Agreement between Brick Resources, Inc. (a Debtor herein, "Brick"), TriState Diagnostic Imaging Resources, LLC ("TriState") and NJDIT, dated as of October 31, 2006 (as amended from time to time, the "Services Agreement"),[2]

---

[2] TriState was added as a party to the Services Agreement by an amendment thereto dated as of July 30, 2008 (the "Second Amendment to Services Agreement"). Also, due to certain confidentiality provisions in the Services Agreement, a copy of same is not being filed herewith. However, NJDIT is prepared to submit the Services Agreement to the Court "under seal" for consideration.

NJDIT's physicians provide all radiology services to patients in connection with the operation of three (3) of the Debtors' radiology centers located in Brick, New Jersey (the "Offices").

8. While TriState is not a Debtor in these cases, it is the licensed operator of one (1) of the Offices, located at 495 Jack Martin Boulevard in Brick, New Jersey (the "495 Office"), and, upon information and belief, is closely affiliated with the Debtors.

9. TriState is a party to certain equipment leases and vendor contracts with third parties that provide supplies and services relating to operation of the 495 Office and the Office at 455 Jack Martin Blvd., Brick, New Jersey. For example, Toshiba, one of the key service providers to the Offices, is a party to a Service Agreement with both Brick and TriState.

10. TriState is also the tenant under the lease for the 495 Office and is currently subject to an eviction proceeding for nonpayment of rent. Since the 495 Office is one of the Offices covered by the Services Agreement with NJDIT, TriState's eviction from the 495 Office would certainly constitute a post-petition breach of the Services Agreement by Brick.

11. Pursuant to the terms of the Second Amendment to Services Agreement, Brick guaranteed the full and prompt performance by TriState of all of its obligations under the Services Agreement. Thus, any post-petition breaches of the Services Agreement by TriState are attributable to Brick.

12. Pursuant to the terms of the Services Agreement, Brick and/or TriState manages all of the business operations of the Offices. Brick and/or Tristate is responsible, among other things, for all rent payments, all equipment lease payments, payments to third party vendors, payments for ambulatory care taxes and similar levies by the State of New Jersey, payroll for the administrative and technical personnel employed by Brick who provide services at the Offices, providing and maintaining the equipment, medical and other supplies and support

services required for operation of the Offices, and handling all billing and collection services with respect to radiology services rendered to patients at the Offices.

13. Prior to the filing of these bankruptcy cases, Brick and TriState breached their obligations to NJDIT under the Services Agreement (which breaches still exist). And, in some instances, Brick and TriState have not fulfilled their obligations to NJDIT under the Services Agreement post-petition. Specifically, Brick and TriState have failed to pay certain expenses necessary for the operation of the Offices that they are obligated to pay under the terms of the Services Agreement, including, but not limited to, fees for transcription services, film costs, diagnostic machine lease payments and maintenance costs, fees for laundry service and payments for other vital supplies and services without which NJDIT cannot continue to provide the radiology services necessary for operation of the Offices. Brick is also obligated under the Services Agreement to purchase certain equipment and make certain upgrades which they have failed to do.

14. Due to Brick's and TriState's failure to pay vendors as required, on numerous occasions prior to the Petition Date, NJDIT was forced to advance monies on their behalf to pay for supplies and services necessary for NJDIT's physicians to continue to provide radiology services and proper care for patients at the Offices. Also, on a few occasions shortly after the Petition Date, NJDIT was left with no choice but to pay invoices of critical vendors that the Debtors did not pay in order to ensure continued operation of the Offices.

15. Brick's and TriState's failure to pay vendors that provide critical supplies and services necessary to the continued operation of the Offices on a current basis post-petition not only jeopardizes the Debtors' and NJDIT's relationship with the vendors, but also jeopardizes patient care at the Offices. To date, NJDIT has managed to maintain its high

standards of patient care by paying for certain necessary supplies and services directly (upon notice to Brick/TriState) and deducting these payments from amounts due to Brick and/or TriState.  However, NJDIT would certainly prefer to leave the payment of service providers and suppliers to Brick/TriState as the Services Agreement requires.

16. NJDIT is concerned that the Debtors may have commingled and continue to commingle funds paid by NJDIT under the terms of the Services Agreement with funds of Tri-State and/or other entities in the Sonix family of companies that are not parties to the Services Agreement.  NJDIT is further concerned that the Debtors may not fully perform their obligations under the Services Agreement with respect to post-petition payments to third parties necessary for operation of the Offices.  Therefore, NJDIT seeks complete disclosure as to how the Debtors are spending the monies that NJDIT has transferred to them.

## **RELIEF REQUESTED AND BASIS THEREFOR**

17. By its Ex Parte Application Under Rule 2004 [Docket No. 74], NJDIT has sought to obtain the information necessary to address its legitimate concerns in these cases and, in particular, ensure that the Debtors comply with their post-petition obligations under the Services Agreement.  To date, the information requested by NJDIT has not been provided by the Debtors or TriState.  At the same time, TriState faces eviction of the 495 Office which would cause Brick and TriState to be in breach of the Services Agreement.  Also, as set forth above, Brick has not fulfilled all of its financial obligations to NJDIT under the Services Agreement post-petition and appears unwilling or unable to pay for certain critical equipment maintenance and upgrades.

18. NJDIT requests that the Debtors' continued use of cash collateral be conditioned upon full disclosure with respect to the use of the proceeds received from NJDIT under the Services Agreement. The Debtors' current budget provides no detail whatsoever with

respect to the use of funds by Brick for payment of post-petition expenses under the Services Agreement. Thus, contract counterparties like NJDIT are unable to determine whether or not the Debtors will have sufficient cash to remain current on their obligations. Also, NJDIT requests that the use of the proceeds received by Brick under the Services Agreement be limited to the payment of expenses related to the NJDIT Offices. And, Brick should be directed to keep the proceeds of the NJDIT Services Agreement in a segregated debtor-in-possession account so that these proceeds are not comingled with other funds of the Debtors and used to pay expenses of Debtors other than Brick.

WHEREFORE, NJDIT respectfully requests that the Court grant the relief requested herein, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ John K. Sherwood
John K. Sherwood, Esq.
Michael Savetsky, Esq.
Cassandra Porter, Esq.
LOWENSTEIN SANDLER PC
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 262-6700
Facsimile: (212) 262-7402
- and -
65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

*Attorneys for New Jersey Diagnostic Imaging & Therapy, P.A.*

Dated: November 9, 2009