UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| SONIX MEDICAL RESOURCES, INC., et al., | : | Case No. 09-77781 (dte) |
| Debtors. | : | Jointly Administered |

## STIPULATION AND ORDER CONCERNING ADEQUATE ASSURANCE OF FUTURE PAYMENT PURSUANT TO 11 U.S.C.§ 366 WITH NHC COMMUNICATIONS CORP.

This stipulation and order (the "Stipulation") is entered into among the Sonix Medical Resources, Inc., *et al.* , debtors and debtors-in-possession (the "Debtors") and New Horizon Communications Corp. ("NHC") with reference to the following facts:

WHEREAS, on October 15, 2009, the Debtors filed their voluntary petitions for relief under Chapter 11 of title 11, United States Code (the "Code") and continue to operate their businesses and manage their affairs as debtors and debtors-in-possession pursuant to §§ 1107 and 1108 of the Code; and

WHEREAS, on October 15, 2009, the Debtors filed their Motion Pursuant to Sections 105(a) and 366 of the Bankruptcy Code to (i) Approve the Debtors' Proposed Form of Adequate Assurance of Payment, (ii) Establish Procedures for Resolving Objections by Utility Companies, and (iii) Prohibit Utilities from Altering, Refusing, or Discontinuing Service (the "Utility Motion");

WHEREAS, on or about October 22, 2009, the Court issued its Order (the "Utility Order") granting the Utility Motion; and

WHEREAS, NHC entered into various contracts with Debtor and non-debtor affiliate companies for the provision of utility services to both debtor and non-debtor affiliated companies and certain of the contracts with non-debtor affiliates are for services rendered for the benefit of debtor companies; and

WHEREAS, NHC disputes whether the non-debtor contracts are subject to the Utility Order; and

WHEREAS, in order to resolve the dispute over the scope of the Utility Order, NHC and the Debtors have agreed that New Horizon's provision of services to the Debtors, even where the contract is in the name of a non-debtor entity, are subject to the Utility Order and that the provision of telecommunications services to non-debtor affiliate companies where services are not provided to the Debtors are not subject to the Utility Order or otherwise affected by the Chapter 11; and

WHEREAS, NHC informally noted its Objection to the Utility Motion and made requests to the Debtors for security deposits and other adequate assurances of future payment; and

WHEREAS, in order to resolve the relative rights of the Debtors and NHC under the Utility Order, the parties are prepared to enter into this Stipulation and Order to provide NHC with adequate assurance of future performance under § 366 of the Code on the terms and conditions hereinafter set forth;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.  The Debtors and NHC hereby agree that the following nine (9) accounts in the company names listed below shall be subject to the Utility Order:

| Account Number | Company Name or /d/b/a on account or location |
| --- | --- |
| 5030 | Meadows Mid Queens Radiology |
| 5035 | 49th Street, Brooklyn |

| | |
|---|---|
| 5037 | Bethpage |
| 5039 | Stony Brook Medical Imaging |
| 4389 | Heights Imaging Center |
| 4390 | New Jersey Diagnostic Imaging & Therapy |
| 4391 | Tri-County |
| 4393 | X-ray Associates Tom's River |

2. The Debtors and NHC have further agreed that the Debtor will provide NHC, within seven (7) days of entry of this stipulation and order, with an adequate assurance deposit in the amount of $4,400 (the Deposit"), representing the average two week billing activity for services provided to the Debtors for the accounts specified in paragraph one (1) of this stipulation and order. The Deposit shall bear interest at the rates specified in the tariffs under applicable non-bankruptcy law.

3. The Debtors will make timely payment of post-petition invoices within 30 days of the date of the invoices.

4. NHC, may upon the failure to make timely payment of post-petition invoices, upon five (5) days written notice to the Debtor and counsel for the debtor, apply to this Court for relief from the Utility Order to terminate utility service specified in paragraph one and have all unpaid balances with respect to such accounts be treated as an administrative expense of the Debtors' estate. This relief shall be granted by the Court unless the Debtors timely submit proof that they have cured of any default, including any payment default, alleged by NHC, prior to the Court granting relief from the Utility Order.

5. Services provided by NHC to Sonix related companies and accounts which are not specified in paragraph one are not subject to the Utility Order.

6. In the event the Debtor cancel service for any of the accounts specified in paragraph one, at the time of cancellation, if all post-petition charges have been paid in full, then

NHC shall refund one-ninth (1/9th) of the $4,400 deposit paid hereunder (plus applicable interest) within ten (10) days of the cancellation of service for such account. The $4,400 post-petition deposit may not be used to pay, set-off or otherwise satisfy and pre-petition claims held by NHC against the Debtors.

7. This Order shall be binding upon and inure to the benefit of NHC, the Debtors, and their respective successors and assigns, including, without any limitation, any trustee, responsible officer, examiner, estate administrator or representative, or similar person appointed in a case for the debtor under any chapter of the Bankruptcy Code.

8. The terms and conditions of this Stipulation and Order shall be effective and enforceable immediately upon its entry by the Court.

9. The provisions of this Order and any actions taken pursuant hereto shall i.survive entry of any orders which may be entered converting the chapter 11 case to a case under chapter 7 of the Bankruptcy Code or the appointment of a chapter 11 trustee, subject to the provisions of the Bankruptcy Code; provided however, nothing contained in this paragraph is intended to nor shall it be deemed to limit any and all rights of NHC under applicable provisions

[ continued on next page]

of the Bankruptcy Code.

      SO STIPULATED AND AGREED this 30th day of November, 2009.

| ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. | Glickman Turley LLP |
|---|---|
| By:_/s/ Fred B. Ringel__ _____ <br>    Fred B. Ringel, Esq. <br>    fbr@robinsonbrog.com <br>    Attorneys for Debtors <br>    1345 Avenue of the Americas <br>    New York, New York 10105 <br>    Tele No. (212) 603-6300 <br>    Fax No. (212) 956-2164 | By:_/s/ Paul Glickman_____ <br>    Paul Glickman, Esq. <br>    pglickman@glickmanturley.com <br>    Attorneys for New Horizon <br>    Communications Corp. <br>    250 Summer Street <br>    Boston, Massachusetts 02210 <br>    Tele No. 617.399.7770 <br>    Fax No. 617.399.7775 |

SO ORDERED THIS ___ DAY OF DECEMBER, 2009
IN CENTRAL ISLIP, NEW YORK


_____

DOROTHY T. EISENBERG
UNITED STATES BANKRUPTCY JUDGE