**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
In re                                                       :     Case No. 09-77781 (DTE)
                                                            :
**SONIX MEDICAL RESOURCES**                                 :
**INC., et al.,**                                           :
                                                            :
        Debtors.    :     (Jointly Administered)
                                                            :
------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a) OF THE BANKRUPTCY CODE
AUTHORIZING RETENTION AND EMPLOYMENT OF OEM CAPITAL
CORP. AS FINANCIAL ADVISORS FOR
THE DEBTORS *NUNC PRO TUNC* TO NOVEMBER 30, 2009**

        Upon the application dated November 30, 2009 (the "Application") of Sonix Medical Resources Inc., and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization to retain and employ OEM Capital Corp. ("OEM") as the financial advisors for the Debtors *nunc pro tunc* to November 30, 2009, all as more fully set forth in the Application and the OEM Engagement Letter dated November 30, 2009 (the "OEM Agreement"); and upon consideration of the Declaration of John Schwarten, a Principal of OEM, in support of the Application, sworn to on the 30th day of November 2009 (the "Schwarten Declaration"); and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided to (i) the

United States Trustee for the Eastern District of New York, (ii) counsel to the Debtors' secured creditor, CIT Healthcare LLC, (iii) parties having filed a notice of appearance and request for notices in this case and (iv) those creditors holding the thirty largest unsecured claims against the Debtors' estates (on a consolidated basis), and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "<u>Hearing</u>"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon record of the Hearing, all of the proceedings had before the Court; the Court being satisfied, based on the representations made in the Application and the Schwarten Declaration, that OEM does not represent or hold any interest adverse to the Debtors or to their estates as to the matters upon which it is to be engaged and is a "disinterested person" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of OEM is in the best interests of the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors, their estates and creditors; OEM having agreed to modify the OEM Agreement to the extent set forth in this order and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Debtors are authorized to employ and pay OEM as its financial advisor pursuant to section 327 of the Bankruptcy Code nunc pro tunc to November 30, 2009 and that OEM's compensation shall be at the rates and on the terms set forth in the OEM Agreement, provided however that, on a monthly basis, OEM shall not be paid more than eighty (80%) percent of its monthly fee as set forth in the OEM Agreement and one hundred (100%) percent of its monthly disbursements, subject to

OEM's filing of interim and final fee applications pursuant to which it may seek the court's approval to be paid the twenty(20%) percent of its monthly fee which is being held back pursuant to the terms of this order; and it is further

ORDERED, that the retention of OEM as the Debtors' financial advisor pursuant to the OEM Agreement shall be for the period form November 30, 2009 through November 29, 2010 and shall be subject to extension pursuant to a further application to and order of the Court, provided however, that the Debtor may terminate OEM's engagement as financial advisor at any time prior to November 29, 2010 in accordance with the terms of the OEM Agreement; and it is further

ORDERED, that OEM shall keep time records for the services provided to the Debtors in this case, in increments of not less a quarter ( 0.25) of an hour, at the agreed hourly rate of $550 per hour for John Schwarten and $600 per hour for Norton Lazarus, provided however, that such time records shall not reduced OEM's monthly fee to less than $25,000 per month as set forth in the OEM Agreement; and it is further

ORDERED, that OEM shall file an application with the Bankruptcy Court for approval of any Transaction Fee under the OEM Agreement, provided however, that:

(a) in any transaction or transactions to which the Transaction Fee applies where there is an assumption of indebtedness owed to CIT Healthcare by a purchaser of the Debtors' assets, then the assumption of such indebtedness shall be treated as if it was a financing involving new senior secured debt and the Transaction Fee shall be two (2%) percent of the amount of such assumed debt; and

(b) in the event a proposed purchaser of the Debtors' assets "credit bids" under section 363(k) of the Bankruptcy Code all or any part of senior secured debt (except if such senior debt is owned by CIT Healthcare LLC at the time such credit bid is made), then the Transaction Fee shall be two (2%) percent of the amount which is credit bid; and it is further

ORDERED, that in the event OEM engages a co-broker in any transaction where OEM seeks a Transaction Fee, the aggregate of the Transaction Fee paid to OEM

and any co-broker shall not exceed the fees set forth in section 3(B) of the OEM Agreement; and it is further

ORDERED that all requests of OEM for payment of indemnity pursuant to the OEM Agreement shall be made by means of a final application and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the OEM Agreement, the Bankruptcy Code and Rule, the local rules of this district and any applicable order of this Court and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, <u>provided</u>, <u>however</u>, that in no event shall OEM be indemnified in the case of its own bad faith, self dealing, breach of fiduciary duty, gross negligence or willful misconduct; and it is further

ORDERED that in no event shall OEM be indemnified if the Debtors or a representative of the estate, assets a claim for, and a court determines by final order that such claims arose out of, OEM's own bad faith, self dealing, breach of fiduciary duty, gross negligence or willful misconduct; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the terms of the Application, the OEM Agreement, and this Order; and it is further

ORDERED, that the United States Trustee retains all rights to object to OEM's interim and final fee applications (including expense reimbursement, requests for Transaction Fees and Indemnity) on all grounds including but not limited to the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is Further

ORDERED, that in the event that OEM seeks reimbursement for attorneys' fees from the Debtors pursuant to the OEM Agreement, the invoices and supporting time records from such attorneys shall be included in OEM's own

applications (both interim and final) and such invoices and time records shall be subject to the United States Trustee's guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court under the standards of §§ 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under § 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy Section 330(a)(3)(C) of the Bankruptcy Code; and it is further

ORDERED, that to the extent this Order is inconsistent with the OEM Agreement, this Order shall govern.

Dated: December 22, 2009
      Central Islip, New York

No Objection to entry of the Order::

/s/  Stan Y. Yang
United States Trustee



**Dated: Central Islip, New York**
**December 22, 2009**

_____
**Dorothy Eisenberg**
**United States Bankruptcy Judge**