ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
1345 Avenue of the Americas
New York, New York 10105
Telephone No.: 212-603-6300
**Fred B. Ringel**

*Attorneys for Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

**SONIX MEDICAL RESOURCES, INC. *et al.*,**

                        Debtors.
----------------------------------------------------------X

<u>HEARING DATE AND TIME</u>

**February 2, 2010 at 11:00 a.m.**

Chapter 11

Case No.: 09-77781 (dte)
(Jointly Administered)

## OPPOSITION OF DEBTOR TO MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND FOR RELIEF FROM <u>THE AUTOMATIC STAY AND FOR RELATED RELIEF</u>

TO THE HONORABLE DOROTHY T. EISENBERG,
UNITED STATES BANKRUPTCY JUDGE:

      **Sonix Medical Resources, Inc.,** *et al.*, debtors and debtors in possession herein (the "Debtors"), by their attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, as and for its Opposition to the Motion of **RA150 Motor Parkway, LLC** ("Landlord"), for an Order (1) directing the Debtors to pay Landlord post-petition rent pursuant to 11 U.S.C. §365(d)(3), (2), declaring that the Landlord's claim for post-petition rent is allowable and entitled to priority as set forth below, (3) directing that the Lease between Landlord and Debtors be rejected, and granting the Landlord immediate relief from the automatic stay pursuant to §362(d)(1), if the Debtor fails to pay post-petition rent as and when it comes due, and (4) for

466562

such other relief as the Court deems just and proper (collectively, the "Motion"), and in support of the Debtors' opposition, respectfully sets forth and alleges as follows:

1. On October 15, 2009 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code. Pursuant to §§1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their affairs as debtors in possession. An Official Committee of Unsecured Creditors has been appointed by the Office of the United States Trustee in only one of the Debtors' cases – QKSI Resources, Inc.

2. The Debtors' cases have been procedurally consolidated, and are being jointly administered pursuant to an Order of this Court entered on October 20, 2009.

3. The Debtors presently own nine, and operate six, free-standing diagnostic imaging centers in the New York and New Jersey metropolitan area.

4. Pursuant to an Agreement of Lease between Reckson Operating Partnership, LP and Sonix Medical Resources, Inc. dated March 14, 2002, the Debtors agreed to lease from the Landlord office space at **150 Motor Parkway, Hauppauge, New York,** identified as **Suite 304.**

5. The Lease is an unexpired, non-residential real property lease within the meaning of 11 U.S.C. §365(d). The Debtors have neither assumed nor rejected the Lease. The Debtors have moved for the entry of an Order extending the time for the Debtors to assume or reject the Lease, through and including May 15, 2010. That Motion is currently scheduled to be heard on February 4, 2010.

6. By motion dated December 30, 2009, the Landlord moved to compel the payment of rent, to declare the claim for post-petition rent be afforded administrative priority pursuant

to 11 U.S.C. §507(a)(1), and for relief from the stay in the event that the Debtors fail to pay post-petition rent within twenty (20) days of the entry of the Court's Order compelling same.

7. The Landlord contends pursuant to a Schedule attached as Exhibit A to its Motion, that the Landlord is owed the sum of **$72,984.06** through December 30, 2009.

8. The Debtors do not oppose the entry of an Order directing the payment of post-petition rent to the Landlord by February 28, 2010. The Debtors do object, however, to the amount of rent that the Landlord claims is due to it.

9. The Debtors believe that the sum of **$45,852.51** is due and owing to the Landlord through the end of January, 2010. Annexed hereto as Exhibit A is a copy of a document entitled "Acknowledgement of Service of Notice of Petition and Petition and Stipulation of Settlement" (the "Stipulation") executed by the Debtors and the Landlord on September 8, 2009. Pursuant to paragraph 3 of the aforementioned Stipulation, the Landlord had agreed to reduce the monthly rent from **$23,577.80** to **$13,912.53** plus additional rent for the rent due during the post-petition period. The Motion filed by Landlord to compel the payment of rent fails to give any effect to the terms and conditions of the aforementioned Stipulation.

10. The Stipulation is still in full force and effect. The only provision which would potentially nullify the effectiveness of the Stipulation is Paragraph 7, which bars the Debtors from fling voluntary petitions in bankruptcy. The Debtors believe that this provision is unenforceable.

11. In accordance with the terms of the Stipulation of Settlement, the Debtors have recalculated the amounts due and owing through January 30, 2010. As set forth on Exhibit B annexed hereto, the total amount due and owing the Landlord is **$56,558.78** less an acknowledged payment of **$10,706.27**, leaving a balance due of **$45,852.51**.

12. The Debtors propose that the Court enter an Order directing the Debtors to pay the sum of **$45,852.51** no later than February 28, 2010. In the event the Debtors fail to make that payment, along with payment of the amount of **$13,912.53** plus any additional rent billed for the month of February, 2010, and the Debtors agree that the Lease should provide for the Lease to be deemed rejected at that point in time.

13. Inasmuch as the Debtor's time to assume or reject this lease expires on February 15, 2010, the Debtors request that the period to assume or reject the lease be conditionally extended to Feruary 28, 2010. In the event all of the post-petition rents are brought current by that time, then the Debtors request that the time to assume or reject the Lease be extended to May 15, 2010 as proposed in the Debtor's motion to extend time to assume or reject its lease.

14. With respect to the Landlord's claim of priority for the amounts due and owing to it, the Debtors respectfully request that the Court not make any findings with respect to any administrative priority, but rather allow the Landlord to file a claim for whatever priority it believes any unpaid rent is to be accorded in the event that the outstanding rents are not paid.

**WHEREFORE**, the Debtors respectfully request that this Court find that the amount of **$45,852.51** is due and owing the Landlord through January 31, 2010, that the Court direct that payment in full to be made no later than February 28, 2010 and that the Debtor's time to assume or reject the lease be extended conditionally to February 28, 2010 and thereafter extended to May

466562                                                              4

15, 2010 if all post-petition rents are paid prior to February 28, 2010, along with such other and further relief as is just and proper.

DATED: New York, New York
January 26, 2010

                                                                                     **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
**Attorneys for Debtors**
1345 Avenue of the Americas
New York, New York 10105
Tel. No.: 212-603-6300


By: /s/ Fred B. Ringel
      **Fred B. Ringel**

Exhibit A

**150 Motor Parkway**
**Post-petition rent under Stipulation of Settlement**

| Month | Item | Amount | |
|---|---|---:|---|
| Oct | Taxes | $186.09 | prorated (16/31) |
| Oct | Elec | $931.47 | prorated |
| Oct | Rent | $7,180.66 | prorated |
| Nov | Taxes | $360.55 | |
| Nov | Elec | $1,804.72 | |
| Nov | Rent | $13,912.53 | |
| Dec | Taxes | $360.55 | |
| Dec | Elec | $1,804.72 | |
| Dec | Rent | $13,912.53 | |
| Dec | Sales Tax | $2.16 | |
| Dec | Work Ord | $25.00 | |
| Jan | Taxes | $360.55 | |
| Jan | Elec | $1,804.72 | |
| Jan | Rent | $13,912.53 | |
| | Total | $56,558.78 | |
| Less | Payment | -$10,706.27 | |
| | *Total* | $45,852.51 | |

# Exhibit B

DISTRICT COURT OF THE COUNTY OF SUFFOLK
FOURTH DISTRICT : LANDLORD/TENANT PART
---------------------------------------------------------------X

RA 150 MOTOR PARKWAY LLC,

                Petitioner-Landlord,

    -against-

SONIX MEDICAL RESOURCES, INC.,

                Respondent-Tenant,

SONIX MEDICAL TECHNOLOGIES, INC., SONIX PET
RESOURCES, INC., SONIX MANAGEMENT RESOURCES,
INC., SONIX HEALTHCARE SOLUTIONS, INC., SONIX
PROCESS AUTOMATION TECHNOLOGIES, LLC,
SONIX, INC., U.S. HEARTCARE MANAGEMENT, INC.
and XYZ CORP.,

                Respondent-Undertenants.

---------------------------------------------------------------X

**ACKNOWLEDGMENT OF SERVICE OF NOTICE OF PETITION AND PETITION AND STIPULATION OF SETTLEMENT**

Index No. SMLT 09-179

        **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties hereto, that the above-entitled proceeding is settled upon the following terms and conditions:

        1.    Respondent-tenant Sonix Medical Resources, Inc. and respondent-undertenants Sonix Medical Technologies, Inc., Sonix Pet Resources, Inc., Sonix Management Resources, Inc., Sonix Healthcare Solutions, Inc., Sonix Process Automation Technologies, LLC, Sonix, Inc., U.S. Heartcare Management, Inc. and XYZ Corp. hereby admit and accept service of the notice of petition and petition in this non-payment summary proceeding and waive any and all jurisdictional defenses.

2. Respondent-tenant will pay to petitioner-landlord the total sum of $149,979.05 representing all arrears due and owing under the subject tenancy (less late fees that will only be due upon default hereunder) for the period up to and including August 31, 2009, inclusive of attorney's fees as additional rent, as follows:

    a.    $22,500.00 upon execution hereof; [handwritten: on or before 9/11/09] [initials: GM GTM]

    b.    $7,500.00 on or before September 1̶8̶ 15, 2009; [initials: GM GTM]

    c.    $7,500.00 on or before October 1, 2009;

    d.    $7,500.00 on or before November 1, 2009;

    e.    $7,500.00 on or before December 1, 2009;

    f.    $7,500.00 on or before January 1, 2010;

    g.    $7,500.00 on or before February 1, 2010;

    h.    $7,500.00 on or before March 1, 2010;

    i.    $7,500.00 on or before April 1, 2010;

    j.    $7,500.00 on or before May 1, 2010;

    k.    $7,500.00 on or before June 1, 2010;

    l.    $7,500.00 on or before July 1, 2010;

    m.    $7,500.00 on or before August 1, 2010;

    n.    $7,495.81 on or before September 1, 2010;

    o.    $7,495.81 on or before October 1, 2010;

    p.    $7,495.81 on or before November 1, 2010;

q. $7,495.81 on or before December 1, 2010; and

r. $7,495.81 on or before January 1, 2011.

3. The parties further agree to a partial deferral of rent for the months of September 2009 through and including January 1, 2011 as follows:



| MONTH | PAY | DEFER |
|---|---|---|
| September 2009 1st | $13,912.53 plus additional rent | $7,500.00 |
| October 2009 | $13,912.53 plus additional rent | $7,500.00 |
| November 2009 | $13,912.53 plus additional rent | $7,500.00 |
| December 2009 | $13,912.53 plus additional rent | $7,500.00 |
| January 2010 | $13,912.53 plus additional rent | $7,500.00 |
| February 2010 | $13,912.53 plus additional rent | $7,500.00 |
| March 2010 | $13,912.53 plus additional rent | $7,500.00 |
| April 2010 | $13,912.53 plus additional rent | $7,500.00 |
| May 2010 | $13,912.53 plus additional rent | $7,500.00 |
| June 2010 | $13,912.53 plus additional rent | $7,500.00 |
| July 2010 | $13,912.53 plus additional rent | $7,500.00 |
| August 2010 | $13,912.53 plus additional rent | $7,500.00 |
| September 2010 | $13,912.53 plus additional rent | $7,500.00 |
| October 2010 | $13,912.53 plus additional rent | $7,500.00 |
| November 2010 | $13,912.53 plus additional rent | $7,500.00 |
| December 2010 | $13,912.53 plus additional rent | $7,500.00 |
| January 2011 | $13,912.53 plus additional rent | $7,500.00 |

4. In the event of timely payment of arrears by respondent-tenant in accordance with paragraph "2" above, and the reduced monthly rent and additional rent in accordance with paragraph "3" above, and respondent-tenant having full met the conditions set forth in paragraph "7" hereof, the deferred rent in the total amount of $127,500.00 shall be waived and no longer due and payable.

5. In the event of default in any payment set forth in paragraphs "2" or "3," and after five (5) day's notice to cure and failure to cure sent to respondent-tenant's attorney by facsimile or overnight mail, the District Court of the County of Suffolk, Fourth District, Landlord/Tenant Part, is herewith authorized to enter a judgment for possession and a warrant of eviction without stay, and a judgment for money damages in the amount equal to the accelerated balance of all rent arrears due and owing under paragraph "2" or "3" (including deferred rent) hereof, plus late fees in the total amount of $18,056.76 as additional rent, and an additional $1,000 legal fees as additional rent, all upon the *ex parte* application of petitioner's attorneys by filing a true copy of this stipulation and an affirmation of the attorney for petitioner as to such default, notice and failure to cure, and the amount due and owing. It is expressly understood that the issuance of a judgment and warrant pursuant hereto shall not be deemed a surrender and acceptance of the Lease, and respondent-tenant shall remain liable to the extent provided under the Lease for, *inter alia*, damages for default.

4

6.  The parties hereto further agree that, except as modified or amended herein, in all other respects, the terms and conditions of the subject lease are ratified and in full force and effect and respondent-tenant agrees to timely pay its rent and additional rent as provided in paragraph "3" during the installment period under paragraph "2" above. However, wherever in the subject lease respondent-tenant is required to be in full compliance with the terms and conditions thereof as a condition to exercising any right or option under the lease, the parties hereby agree that respondent-tenant shall be deemed in default under the lease until it fully and completely satisfies and completes all the terms and conditions under this stipulation. All monthly rental payments made during this period shall first be applied to any and all rent and additional rent then due and owing.

7.  Respondent-tenant further agrees that it shall not file a voluntary petition in bankruptcy or insolvency or file any petition or answer seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution or similar relief under the present or any future federal bankruptcy code or any other present or future applicable federal, State or other statute or law, nor shall it make any assignment for the benefit of creditors nor shall it seek or consent to or acquiesce in the appointment of any trustee, receiver or liquidator of respondent-tenant or all of or any part of respondent-tenant's property. If any involuntary petition is filed in federal bankruptcy court, respondent-tenant agrees that it shall be deemed to have failed to meet the conditions under this paragraph "7."

8. Upon full and timely compliance with the terms and conditions of this stipulation, the parties shall be free to discuss a mutual modification, if any, of the rent under the Lease.

9. The parties further agree that a facsimile copy of this stipulation shall be treated and deemed as an original for all purposes.

Dated: Melville, New York
       September 8, 2009

**HAMBURGER, MAXSON, YAFFE,
WISHOD & KNAUER, LLP**
*Attorneys for Petitioner-Landlord*

By: _____
    Lane T. Maxson, Esq.
225 Broadhollow Road, Suite 301E
Melville, New York 11747
631.694.2400
631.694.1376 fax

Dated: Amityville, New York
       September 7, 2009

**BRUCE KENNEDY, P.C.**
*Attorneys for Respondent-Tenant and
Respondent-Undertenants*

By: _____
    Glenn T. Nugent, Esq
31 Greene Avenue
Amityville, New York 11701-0545
631.691.0100
631.691.1029 fax

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

SONIX MEDICAL RESOURCES, INC., *et al.*

                           Debtors.
-----------------------------------------------------------X

Chapter 11
Case No.: 09-77781 (DTE)
(Jointly Administered)

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK  )
                              ss.:
COUNTY OF NEW YORK )

      **Tina Fogel,** being duly sworn, deposes and says:

      1. I am not a party to the action, am over 18 years of age and reside in New York, New York.

      2. On the **26th** day of **January, 2010,** I served via *FEDERAL EXPRESS OVERNIGHT DELIVERY* the *OPPOSITION OF DEBTOR TO MOTION TO COMPEL PAYMENT OF POST-PETITION RENT AND FOR RELIEF FROM THE AUTOMATIC STAY AND FOR RELATED RELIEF* upon:

      *William P. Caffrey, Jr., Esq.*
      *Hamburger, Maxson, Yaffe, Wishod, Kanuer & McNally, LLP*
      *225 Broadhollow Road, Suite 301E*
      *Melville, New York 11747*

                                          /S/Tina Fogel

Sworn to before me this
26th day of **January, 2010**

                                          **TINA FOGEL**

/s/ Robert M. Sasloff
Notary Public, State of New York
No. 31-4966401
Qualified in New York County
Commission Expires 5-7-2010

466642