Hearing Date: February 4, 2010<br>
Hearing Time: 11:00 a.m.

MORITT HOCK HAMROFF &
HOROWITZ LLP
Attorneys for General Electric Capital Corporation
and General Electric Company
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000
Leslie A. Berkoff
lberkoff@moritthock.com
Lia M. Pistilli
lpistilli@moritthock.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                       Case No.  09-77781
                                       Chapter 11

Sonix Medical Resources Inc., et al.,

                           Debtors       (Jointly Administered)
---------------------------------------------------------X

**GENERAL ELECTRIC CAPITAL CORPORATION'S OBJECTION TO THE
DEBTORS' MOTION FOR AN ORDER EXTENDING EXCLUSIVITY**

General Electric Capital Corporation ("GECC"), by and through its attorneys Moritt

Hock Hamroff & Horowitz LLP, objects to the Motion submitted by Sonix Medical Resources,

Inc, *et al.* (collectively the "Debtors") for an Order Extending the Exclusive Periods During

which the  Debtors may file a Chapter 11 Plan of Reorganization and Solicit Acceptance for the

Plan (the "Motion").  GECC respectfully sets forth and states as follows:

**JURISDICTION**

     1.     The Court has jurisdiction over this matter pursuant to, *inter alia*, 28 U.S.C.

§157(a) and (b) and 28 U.S.C. § 1334.

**PROCEDURAL BACKGROUND**

2. On or about October 15, 2009 (the "Petition Date"), the Debtors voluntarily filed for protection pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Since the Petition Date, each of the Debtors has been operating its business as a debtor and debtor-in-possession.

4. To date, the Office of the United States Trustee has appointed a committee of unsecured creditors only in the chapter 11 case of one of the Debtors: QKSI Resources, Inc.

**BASIS FOR OBJECTION**

5. While the Debtors allege that they have taken steps to stabilize their business operations in an attempt to reduce their expenses and increase their profitability, cash flow clearly continues to decline and no plans for an exit strategy have been proposed.

6. More importantly, the Debtors have failed to make any payments to GECC under their lease agreements since the Petition Date, and were in default at the time of the filing.

7. Accordingly, the Debtors' motion to extend exclusivity should be denied; or, at the very least, the Debtors exclusive periods should be limited to sixty days and the Debtors should be required to provide GECC with information pertaining to their financial affairs and exit strategy as well as address and provide for post-petition payments.

**THE COURT SHOULD DENY THE DEBTORS' MOTION TO EXTEND THE EXCLUSIVE PERIODS, SINCE THEIR MONTHLY NET CASH FLOW IS RAPIDLY DECLINING**

8. The Debtors' schedule of cash flows reflects that the delta between their combined receipts and disbursements is rapidly declining.

9. As evidence of this proposition, the Debtors reported a net cash flow for the Period of October 16, 2009 through November 30, 2009 (the "November Operating Report") of $170,526.00, based upon total receipts of $2,528,590.00 and total disbursements of $2,358,064.00. (The November Operating Report is contained on the docket at Docket Number 166).

10. In December 2009, the Debtors' total receipts declined to $2,355,260.00, while total disbursements remained relatively steady at $2,307,180.00, thereby rendering a mere $48,080.00 in net cash flow. (The Monthly Operating Report for the period of December 1, 2009 through December 31, 2009 is contained on the docket at Docket Number 198).

11. Accordingly, the Debtors net cash flow decreased from $170,526.00 in the period between October 16, 2009 and November 30, 2009 to $48,080.00 in the period between December 1, 2009 and December 31, 2009.

12. On the surface it would appear that the Debtors are operating in the black and just treading water.

13. However, the Debtors have not been making any payments to GECC under their lease agreements which they are obligated to make under Section 365 of the Bankruptcy Code; and, as this Court will recall, at the prior hearing on use of Cash Collateral and status the Debtors advised that these payments would commence upon passage of the sixty days contained in Section 365 (d)(5)of the Bankruptcy Code.

14. Therefore, the Debtors' primary allegations in support of the Motion that their business operations have stabilized is unsubstantiated by the monthly operating reports and, consequently, is seriously misleading.

15. Moreover, the Debtors have not set forth any specific plans to exit bankruptcy.

16. Accordingly, this Court should deny the Debtors' application to extend the time period for exclusivity or condition the same upon compliance with the provisions of the Bankruptcy Code, including remaining current on administrative post-petition obligations.

### IF THE COURT EXTENDS THE EXCLUSIVE PERIODS, GECC RESPECTFULLY REQUESTS THAT SUCH ORDER PROVIDE FOR A SHORT EXTENSION PERIOD SUBJECT TO CERTAIN CONDITIONS

17. As demonstrated above, the Debtors' monthly cash flow is rapidly declining, which such monthly cash flow excludes certain administrative expenses ordinarily incurred by entities that have not filed for bankruptcy protection.

18. Accordingly, GECC respectfully requests that if the Court elects to grant the Debtors' request for an extension of the exclusive periods during which the Debtors may file a Chapter 11 Plan of reorganization and solicit acceptance for the Plan, such periods should only be extended through March 15, 2010 and July 15, 2010 (sixty day extensions), respectively.

19. This way, if the trajectory of the Debtors' monthly cash flow continues to decline at the rapid rate at which it declined between November and December 2009, a further hearing can be held to consider the appointment of a Chapter 11 Trustee pursuant to 11 U.S.C. §§1104(a) and/or conversion of the cases pursuant to 11 U.S.C. §1112.

20. Moreover, as a condition to extending the exclusive periods, GECC respectfully requests that the Debtors be required to: 1) provide their creditors with a report of their efforts to stabilize their businesses; 2) put forth an exit strategy; and 3) identify prospective purchasers of their assets. Furthermore, as set forth above, the Debtors should be required to become current and remain current on their post-petition obligations.

21. GECC understands that this information is sensitive and it would be willing to sign a confidentiality agreement in a mutually agreeable form regarding the information it is

requesting and would expect that other creditors would be willing to sign confidentiality agreements as well.[1]

WHEREFORE, General Electric Capital Corporation objects to the Debtors' Motion and GECC respectfully requests that if the Motion is granted the Order contain certain conditions as outlined above.

**MORITT HOCK HAMROFF & HOROWITZ LLP**

By: */s/ Leslie A. Berkoff, Esq.*
     Leslie A. Berkoff, Esq.
400 Garden City Plaza
Garden City, NY 11530
Phone: (516) 873-2000
Facsimile: (516) 873-2010
lberkoff@moritthock.com

Attorneys for General Electric Capital Corporation

Dated: January 29, 2010

F:\GECC\Sonix\Bankruptcy\Docs\Opp _to_Motion_for_Ext _of_Exclusivity (1 29 10).doc

---

[1] Moreover, based upon recent communications with Counsel for the Debtors which have put at issue the actual location of the equipment which is subject to the lease agreements with GECC, GECC is requesting that the Debtors identify, in writing the location of all of the equipment within seven days of the hearing on this Motion.