**HAMBURGER, MAXSON, YAFFE, KNAUER & McNALLY, LLP**
Attorneys for C & S Properties Limited Partnership
Lane T. Maxson, Esq.
William P. Caffrey, Jr., Esq.
225 Broadhollow Road, Suite 301E
Melville, New York 11747
631.694.2400

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
In Re:

SONIX MEDICAL RESOURCES, INC, et al.,

                                      Debtors.
-------------------------------------------------------------------------------X

**Hearing Date and Time**
February 4, 2010 at 11:00 a.m.

Chapter 11

Case No. 09-77781 (dte)

## OBJECTION OF LANDLORD RA 150 MOTOR PARKWAY LLC TO DEBTORS' MOTION TO EXTEND TIME TO ASSUME OR REJECT LEASES OF NON-RESIDENTIAL REAL PROPERTY

RA 150 Motor Parkway LLC ("RA 150"), by its attorneys, Hamburger, Maxson, Yaffe, Knauer & McNally, LLP, hereby objects to debtor's Motion to Extend Time to Assume or Reject Leases of Non-Residential Real Property, dated January 20, 2010 (Docket No. 196) (the "Motion for an Extension"), as follows:

1. RA 150 is the owner of the office building located at 150 Motor Parkway, Hauppauge, New York. RA 150 leases office space commonly identified as Suite 304 to the Debtor pursuant to a lease agreement made on or about March 14, 2002 (the "Lease").

2. To date, Debtor has not fulfilled its obligations under the Lease with respect to the payment of post-petition rent.

3. The Debtor's representation that it has paid its post-petition obligations to Landlord (*see*, Motion for Extension, ¶ 18) is false.

4. Pursuant to the Lease, there is due and owing to RA 150 post-petition rent for October 15, 2009 through February 28, 2010[1] in the amount of $96,561.86. This total reflects a payment of $10,706.27 made by the Debtor on or about November 6, 2009 — the only post-petition rent payment the Debtor has made to date.

5. RA 150 filed a Motion to Compel Payment of Post-Petition Rent, dated December 30, 2009 (Docket No. 178) (the "Motion to Compel"), which is presently returnable before this Court at the same time as the Motion for an Extension (*i.e.*, February 4, 2010 at 11:00 a.m.).

6. Notably, in spite of its representation to this Court that it had paid all of its post-petition obligations to RA 150 (*see again*, Motion for Extension, ¶ 18) in Debtor's Opposition to the Motion to Compel, dated January 26, 2010 (Docket No. 206) ("Debtor's Opposition"), Debtor concedes that there is a balance due to RA 150 of $45,852.51, exclusive of rent for February 2010. *See*, Debtor's Opposition, ¶¶ 9, 11.[2]

---

[1] Pursuant to the Lease, the February 2010 rent became due and owing as of today.

[2] Debtor's Motion for an Extension was made three weeks *after* RA 150's Motion to Compel. Thus, even if it disputed the amount RA 150 claimed to be due, Debtor's representation to the Court that it had paid all of its post-petition obligations was knowingly false.

7. The difference in the amount Debtor admits to be due and owing — $45,852.51 exclusive of February 2010 rent — versus the amount RA 150 alleges is due — $96,561.86 inclusive of February 2010 rent — arises from the Stipulation of Settlement, dated September 8, 2009, of a summary non-payment proceeding in Fourth District Court, Suffolk County. A copy of the Stipulation of Settlement is attached hereto as Exhibit "A."[3]

8. Pursuant to the Stipulation of Settlement, the parties agreed to a partial deferment of rent for the months of September 2009 through January 2011 which was ultimately to be waived in the event that Debtor complied with all of the payment terms of the Stipulation with respect to its rental arrears. *See*, Exh. "A," ¶¶ 3-4.

9. The Stipulation of Settlement expressly provided that the rent would not be waived in the event that Debtor filed for bankruptcy. Accordingly, the parties clearly intended that there would no deferment of current rent in the event of a bankruptcy filing. Thus, there is due and owing $96,561.86 inclusive of February 2010 rent.[4]

10. The law is well-settled that post-petition, pre-rejection rent obligations must be paid as they become due pursuant to 11 U.S.C. § 365(d)(3). *See*, *e.g.*, In re Pudgie's Devel. of NY, Inc., 239 B.R. 688, 694 (S.D.N.Y. 1999) ("The plain meaning of § 365(d)(3) requires that the landlord obtain payment as lease obligations become due");

---

[3] A copy of the Stipulation of Settlement is also attached as Exhibit "B" to Debtor's Opposition.

[4] At a minimum, it is undisputed that there is $45,852.51 exclusive of February 2010 rent.

*and* In re Klein Sleep Prods., Inc., 78 F.3d 18, 30 (2nd Cir. 1996) (Landlord is entitled to recover rent due while debtor and bankruptcy court debate whether to assume or reject lease).

11. Accordingly, RA 150 hereby objects to Debtor's Motion for an Extension of Time to assume or reject unexpired leases of non-residential real property insofar as it pertains to the Lease.

Dated: Melville, New York
February 1, 2010

    Yours, etc.,

    **HAMBURGER, MAXSON, YAFFE,**
    **KNAUER & McNALLY, LLP**
    *Attorneys for RA 150 Motor Parkway LLC*

    By:   s/William P. Caffrey, Jr.

    William P. Caffrey, Jr.
    225 Broadhollow Road, Suite 301E
    Melville, New York 11747
    631.694.2400

TO: Robert R. Leinwand, Esq.
**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK, P.C.**
*Attorneys for Debtors and Debtors in Possession*
1345 Avenue of the Americas
New York, New York 10105
212.603.6309