UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

**SONIX MEDICAL RESOURCES INC., ET AL.,**

    **Debtors.**

Chapter 11
Case No. 09-77781 (DTE)
**(Jointly Administered)**

-------------------------------------------------------------X

**ORDER AUTHORIZING ABANDONMENT OF MEDICAL RECORDS.**

    **UPON THE** *Debtor's Motion for Entry of Order Authorizing Rejection Of Non-Residential Real Property Leases Nunc Pro Tunc, Authorizing Abandonment Of Personal Property and Equipment and Fixing Deadline for Filing Claims related thereto dated November 30, 2009* (the "Original Motion"), *as supplemented by Supplement to Debtor's Motion for Entry Of Order Authorizing the Rejection Of Non-Residential Real Property Leases and Personal Property Leases nunc pro tunc, Authorizing Abandonment Of Personal Property and Equipment at the Rejected Premises and Fixing Deadline For Filing Claims Associated therewith dated December 3, 2009* (the "Supplemental Motion") *as further supplemented by the Second Supplemental Motion for Entry of an Order Authorizing Rejection of Non-Residential Real Property Leases and Personal Property Leases, Authorizing Abandonment of Personal Property and Equipment at the Rejected Premises and Fixing Deadline for Filing Claims Associated therewith dated December 17, 2009* (the "Second Supplemental Motion") (collectively, the "Original Motion", the "Supplemental Motion" and the "Second Supplemental Motion" are hereinafter collectively referred to as the "Motion"), filed by the debtors, Sonix Medical Resources Inc., et. al. (the "Debtors"), seeking the entry of an order pursuant to §§105,

365 and 554 of Title 11 of the United States Code ("Bankruptcy Code"), authorizing QKSI Resources, Inc. ("QKSI") and Stony Acquisitions Inc. ("Stony")(collectively "QKSI" and "Stony" are hereinafter referred to as the "Rejecting Debtors"), to reject its interest in an unexpired lease of non-residential real property nunc pro tunc as set forth on Exhibit "C" to the Original Motion, authorizing abandonment of personal property and equipment as set forth in the Second Supplemental Motion (the "Property") and fixing a deadline for the filing of claims related to the rejection of the lease and abandonment of the Property; and

**IT APPEARING THAT** QKSI is the lessee of that certain premises located at 163-03 Horace Harding Expressway, Fresh Meadows, New York (the "QKSI Premises") pursuant to a lease (the "QKSI Lease"), dated August 21, 1994 which has expired, and the Debtor thereafter has occupied the QKSI Premises on a month to month basis; and

**IT APPEARING THAT** Stony is the lessee of that certain premises located at 2500-15 Nesconset Highway, Stony Brook, New York (the "Stony Premises") pursuant to an unexpired month to month lease (the "Stony Lease"); and

**IT FURTHER APPEARING** that QKSI and Stony are the custodians of certain medical records (the Medical Records") that are currently being stored at the QKSI Premises and the Stony Premises and QKSI and Stony have rejected the license agreements pursuant to which they acted the custodians of such Medical Records and thus the Medical Records are of no or inconsequential value to the Rejecting Debtors and the continued cost of storing the Medical Records are burdensome to the estate: and

**IT FURTHER APPEARING** that the Court has entered an order dated December 31, 2009 (the "Rejection Order") authorizing the Debtor to reject the agreements set forth in Exhibit "B" to the Rejection Order including the equipment leases, the License Agreement between

Stony Brook Radiologic Services P.C. and Stony Acquisitions Inc., and the Turnkey License Agreement between QKSI Resources Inc. and Mark Novick M.D. P.C. as of the date set forth in Exhibit B to the Rejection Order; and

**IT FURTHER APPEARING** that the Court is willing to authorize the Debtor to abandon the Medical Records, including medical records maintained by the Debtor as custodian in electronic form (the "Electronic Medical Records") which Electronic Medical Records are not located on the QKSI Premises or the Stony Premises but only upon the terms and conditions set forth herein; it is

**ORDERED**, that the Motion to abandon Medical Records is granted on the following terms and conditions:

1. QKSI and Stony are hereby authorized, effective upon the entry of this order, to abandon any Medical Records for which it has acted as custodian for doctors or practice groups which have licensed the respective premises for use as a diagnostic imaging center from the QKSI or Stony. Upon entry of this Order, the Debtors, QKSI, Stony and their respective estates shall have no further responsibility for, or liability with respect to, the Medical Records.

2. Any of the doctors or practice groups which have used the QKSI or Stony Premises are hereby notified, that unless the Medical Records which the Rejecting Debtors are acting as custodians are retrieved (or arrangement are made to be retrieved) by the physicians to whom they belong on or before February 28, 2010, then the parties in possession of the Medical Records, including the owners of the QKSI Premises and the Stony Premises, are authorized to dispose or destroy such

records without further liability whatsoever to the Debtors, any person, governmental agency or any other entity.

3. In addition to the physicians or practice groups who have operated at the QKSI or Stony Premises, the New York City Department of Health or the New York State Department of Health, or any other governmental agency with jurisdiction over the maintenance of patient records, may contact the Landlord in possession of the Medical Records to retrieve such records or make arrangements to retrieve such records within thirty (30) days from the date of this Order.

4. The party in possession of the Medical Records covered by the terms of this order may charge the Physician, practice group, or governmental agency who desires to retrieve these records a reasonable fee for the storage of such Medical Records. In the event the party retrieving the Medical Records believes that the storage fee imposed is unreasonable, the Bankruptcy Court shall retain jurisdiction to hear an application to fix the fees that are permitted to be charged for the storage of such Medical Records.

5. QKSI and Stony are hereby authorized, effective ninety (90) days after entry of this order, to abandon Electronic Medical Records. Upon written request to QKSI and/or Stony and its counsel, the respective debtor shall extract and turn over to the requesting physician or practice, Electronic Medical Records in the format which they are currently maintained by the respective debtor. QKSI and/or Stony shall be entitled to charge a reasonable fee, payable in advance, to reimburse the respective debtors for the costs incurred in extracting and turning over such Electronic Medical Records. Alternatively, the requesting physician or practice

group may arrange for a third party medical records management firm to extract such records from the Debtors' database provided that such third party is (i) HIPPA compliant, (ii) executes a Business Associate Agreement in a form reasonable acceptable to the Debtor and (iii) otherwise agrees to reasonable other terms and conditions to coordinate the extraction and turnover of the Electronic Medical Records in a manner which will not interfere with the Debtors' ability to conduct its business in the ordinary course.

6. QKSI and Stony shall not be responsible for any further rent or use and occupation charges after December 31, 2009 by virtue of the fact that Medical Records continue to be stored by the owner of any premises where such records are located.

7. Any person desiring to retrieve Medical Records prior to December 31, 2009 shall contact Sonix Medical Resources, Inc, 150 Motor Parkway, Hauppauge, New York, 631-231-0300

8. After December 31, 2009, parties desiring access to medical records for purposes of retrieving such records should contact the following persons:

   **With respect to QKSI**—Mark Novick MD, P.C. c/o Lloyd M. Eisenberg, Eisenberg & Carton, 2631 Merrick Road, Bellmore, New York 11710, Tel. 516-221-3700

   **With respect to Stony**—Stony Brook Resources L.P., c/o Jaret Weber, Weber Law Group LLP, 290 Broadhollow Road, Suite 200E, Melville, New York, 11747, Tel. No. 631-549-2000.

9. Within two (2) business days of entry of this Order, counsel to the Debtor shall serve a conformed copy of this order upon all parties which were served with the

original notice of presentment and proposed order and all persons who have filed a notice of appearance pursuant to Bankruptcy Rule 2002.

Dated: ***February 8, 2010***
      Central Islip, New York

                                      ***s/ Dorothy Eisenberg***
                                      Hon. Dorothy Eisenberg
                                      United States Bankruptcy Judge