FOX ROTHSCHILD LLP
Fred Stevens
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

*Attorneys for The Official Committee of Unsecured
   Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| SONIX MEDICAL RESOURCES INC., et al., | : | Case No. 09-77781 (DTE) |
| | : | |
| | : | (Jointly Administered) |
| Debtor(s). | : | |

-------------------------------------------------------x

## JOINDER AND ADDITIONAL OBJECTIONS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' OPPOSITION TO THE APPLICATION OF NEW JERSEY DIAGNOSTIC IMAGING & THERAPY, P.A. FOR RELIEF FROM THE AUTOMATIC STAY TO SEEK TO TERMINATE DEBTORS' LICENSE TO OPERATE FACILITY IN BRICK, NEW JERSEY

TO THE HONORABLE DOROTHY T. EISENBERG,
UNITED STATES BANKRUPTCY JUDGE:

    The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned debtors' (collectively, the "Debtors") jointly-administered chapter 11 cases, by and through its attorneys, Fox Rothschild LLP, joins the Debtors' opposition to the application (the "Application") of New Jersey Diagnostic Imaging & Therapy, P.A. ("NJDIT"), for relief from the automatic stay to seek to terminate Debtors' license to operate a facility in Brick, New Jersey, and respectfully requests that NJDIT's application be denied. In support of this joinder and additional objections, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. In March 2009, NJDIT asserted that it had rights to the operating license issued by the New Jersey Department of Health and Senior Services' (the "DOH") to debtor Brick Resrouces, Inc. ("Brick"). The DOH resolved the matter in Brick's favor by re-issuing the license to Brick. Thus, this matter has been brought before the DOH, and the DOH has unequivocally and unambiguously resolved it. There is no reason for this Court to give NJDIT another opportunity to cause trouble now.

2. NJDIT has made no secret of the fact that it wants to purchase Brick's assets, including its rights under the license at issue. Granting NJDIT's Application would significantly harm these estates and creditors by chilling bidding on Brick's assets, and would essentially reduce the field of potential purchasers to one - NJDIT. NJDIT is well-aware that it has practically no chance of changing the DOH's mind on the licensing issue. Still, if NJDIT were allowed to open a contest on the licensing rights, no matter how frivolous, that alone would kill Brick's sale prospects. By the time the DOH again ruled against NJDIT, or prospective buyers could figure out for themselves that NJDIT's arguments are bogus, it would be all over.

3. This matter is simple. The DOH unequivocally and unambiguously issued a license in Brick's name. The DOH has already heard and ignored NJDIT's arguments. Accordingly, there is absolutely no reason in law or equity, to allow NJDIT to do what it seeks to do. Indeed, granting the Application would be disastrous to the Debtors' sale efforts.

## INTRODUCTION

4. On October 15, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with this Court. The Debtors are currently operating their business as

debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. Pursuant to order dated October 20, 2009, the Debtors' cases are being jointly-administered [DE 22].

5. On November 16, 2009, the United States Trustee (the "UST") appointed GE Healthcare, Jefferson Medical & Imaging, Inc. and ISI Reprographics, Inc., to an Official Committee of Unsecured Creditors for the QKSI Resources, Inc. case. On January 27, 2010, the UST appointed the committee to serve as the Committee in all the Debtors' jointly-administered cases. Fox Rothschild LLP has served as counsel to the Committee and its predecessor committee since December 7, 2009.

**ARGUMENT**

6. In their objection, the Debtors argue at length NJDIT's failure to meet the criteria for relief from the stay under section 362(d)(1) in accordance with the factors set forth in Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990). The Committee adopts and joins those arguments without the need to recite them again here.

7. In addition to NJDIT's failure to make a proper claim for relief under the *Sonnax* factors, NJDIT also fails to explain why this Court should not (or cannot) determine Brick's property rights with respect to the license in connection with any sale or reorganization. This Court is perfectly situated to make such determination, as it does routinely in the context of core matters such as proceedings to turn over estate property, determinations of the validity, extent, or priority of liens, or motions for authority to sell, lease and/or dispose of estate property. See e.g., 28 U.S.C. § 157(E), (K), (M) and (O). In addition, to the extent NJDIT tries to argue that the DOH is more equipped than this Court to make such determination, this Court already has the benefit of knowing that the DOH considered NJDIT's request and rejected it.

3

8. NJDIT must offer a compelling reason for taking an estate property issue outside of this Court. Although not explicitly stated, NJDIT is essentially arguing for the application of the doctrine of primary jurisdiction in trying to have the DOH make the determination of Brick's interest in the license. "No fixed formula exists for applying the doctrine of primary jurisdiction." Ellis v. Tribune Television Co., 443 F.3d 71, 82 (2d Cir. 2006), quoting United States v. W. Pac. R.R. Co., 352 U.S. 59, 64 (1956). While analysis is on a case-by-case basis, the Second Circuit's inquiry generally has focused on four factors:

> (1) whether the question at issue is within the conventional experience of judges or whether the question involves technical or policy considerations within the agency's particular field of expertise;
>
> (2) whether the question at issue is particularly within the agency's discretion;
>
> (3) whether there is a substantial danger of inconsistent rulings; and
>
> (4) whether a prior application to the agency has been made.

Id. at 82-83; Nat'l Communications Assoc. v. AT&T Co., 46 F.3d 220, 222 (2d Cir. 1995).

9. First, this Court is equipped to determine Brick's rights with respect to the license, which was simply and unambiguously issued by the DOH to Brick.

10. Second, where the question may be within the DOH's discretion, the DOH has already exercised such discretion. It issued the license to Brick. Then, after protest by NJDIT, it re-issued the same license to Brick.

11. Third, there is little danger of inconsistent rulings. It is assumed that this Court will have no reason to disturb the license issued by the DOH in Brick's name. Thus, it is quite likely that this Court and the DOH will be on the same page.

12. Lastly, this is NJDIT's second bite at the apple. NJDIT already made a prior application by letter to the DOH, which was at best ignored by the DOH. Although NJDIT

4

likes to characterize its last attempt as "informal", it does not change the fact that the issue was put before the DOH and the DOH resolved it. There is no reason why that decision and response should not be respected by this Court and the parties to this proceeding.

13. The Committee believes that NJDIT's Application is at best, an attempt to get a second bite at the apple, and at worst, an attempt to chill bidding on Brick's assets so that NJDIT can pick them up for a song. Either way, there is no legal basis for granting the Application and it should be denied with prejudice.

Dated: New York, New York
February 12, 2010

Respectfully submitted,

FOX ROTHSCHILD LLP

By: */s/ Fred Stevens*
Fred Stevens (FS 1346)
100 Park Avenue, 15th Floor
New York, NY 10017
Tel: (212) 878-7900
Fax: (212) 692-0940
Email: fstevens@foxrothschild.com

*Counsel to the Official Committee of
Unsecured Creditors*