```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :        Chapter 11
In re:                                                   :
                                                         :        Case No.: 09-77781 (dte)
SONIX MEDICAL RESOURCES, INC.                            :
et al.                                                   :
                                                         :        (Jointly Administered)
                           Debtors.                      :
                                                         :
-------------------------------------------------------- X
```

**ORDER APPROVING RETENTION OF EXECUTIVE SOUNDING BOARD ASSOCIATES, INC. AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER NUNC PRO TUNC TO FEBRUARY 24, 2010**

Upon the application (the "Application"), dated February 26, 2010, of Sonix Medical Resources, Inc., et al debtors and debtors-in-possession herein (collectively, the "Debtors"), seeking authorization from this Court pursuant to sections 105, 330 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), to employ and appoint Executive Sounding Board Associates Inc. ("ESBA") pursuant to the terms and conditions set forth in the Agreement dated February 24, 2010 with ESBA (the "Engagement Agreement"), a copy of which is annexed to this Order, and upon the affidavit of Herbert Weil sworn to on February 26, 2010 (the "Weil Affidavit") and due and proper notice of the Application having been provided to (i) the United States Trustee for the Eastern District of New York, (ii) counsel to the Debtors' secured creditor, CIT Healthcare LLC, (iii) parties having filed a notice of appearance and request for notices in this case and (iv) counsel to the Official Creditors Committee in these jointly administered cases, and it appearing that no other or further notice need be provided; and a hearing having been held on March 4, 2010 to consider the relief requested in the Application (the

1

"Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon record of the Hearing, all of the proceedings had before the Court; the Court being satisfied, based on the representations made in the Application and the Weil Affidavit, that ESBA does not represent or hold any interest adverse to the Debtors or to their estates as to the matters upon which it is to be engaged and is a "disinterested person" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and that the employment of ESBA is in the best interests of the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors, their estates and creditors; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Debtors are authorized to employ ESBA pursuant to and in accordance with the terms of the Engagement Agreement annexed hereto as Exhibit "A" and to pay ESBA the weekly retainer of $20,000 per week (inclusive of reimbursement of 100% of ESBA's reasonable expenses incurred as set forth in the the Engagement Agreement), provided that any additional compensation beyond the weekly retainer and expense reimbursement to be paid to ESBA pursuant to the terms of the Engagement Agreement, shall be subject to an application (interim or final, as the case may be) for approval of all of such fees and expenses pursuant to 11 U.S.C. Sections 330 and 331; and it is further

ORDERED, that such retention of ESBA as the Debtors' CRO shall be effective *nunc pro tunc* to February 24, 2010; and it is further

ORDERED that all requests of ESBA for payment of indemnity pursuant to the Engagement Agreement shall be made by means of an application (interim or final

as the case may be) and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall ESBA be indemnified in the case of its own gross negligence or willful misconduct; and it is further

ORDERED that in no event shall ESBA be indemnified if the Debtors or a representative of the estate, assets a claim for, and a court determines by final order that such claims arose out of, ESBA's own gross negligence or willful misconduct; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the terms of the Application, the Engagement Agreement, and this Order.

Dated: Central Islip, New York
March **4**, 2010

*s/ Dorothy Eisenberg*
UNITED STATES BANKRUPTCY JUDGE