MORITT HOCK HAMROFF &
HOROWITZ LLP
Attorneys for General Electric Capital Corporation
400 Garden City Plaza
Garden City, NY  11530
(516) 873-2000
Leslie A. Berkoff
lberkoff@moritthock.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                            Case No.  09-77781
                                            Chapter 11

Sonix Medical Resources Inc., et al.,

                         Debtors      (Jointly Administered)
----------------------------------------------------------X

**AFFIRMATION OF LESLIE A. BERKOFF, ESQ.
IN SUPPORT OF ORDER SHORTENING TIME**

      **LESLIE A. BERKOFF, ESQ.**, of full age, certifies as follows:

      1.    I am an attorney at law duly admitted to practice before the United States Bankruptcy Court for the Eastern District of New York and I am a partner at the law firm of Moritt Hock Hamroff & Horowitz LLP, attorneys for General Electric Capital Corporation ("GECC").

      2.    In accordance with Local Bankruptcy Rule 9077-1(a), I make this Affirmation in support of GECC's Application, for an Order Shortening Time to seek expedited hearing of the accompanying Motion seeking an Order pursuant to Sections 105(a), 362(d)(1), 362(d)(2), 365(d)(2), 365(d)(5) and 503(b) of Title 11 of the United States Code (the "Bankruptcy Code") for entry of an Order: (a) compelling the rejection of an equipment lease; (b) modifying the

automatic stay to allow for recovery of equipment; (c) allowing and directing immediate payment of administrative claim; and (d) granting related relief.

3. As more fully set forth in the Motion, prior to the instant bankruptcy filings, GECC, on the one hand, and each of Brick Resources, Inc. ("Brick"), Tom's River Resources, Inc. and QKSI Resources, Inc. (collectively, the "Debtors"), on the other hand, entered into seven (7) Lease Agreements (as defined in the Motion) for the use of seven pieces of equipment.

4. Of the seven (7) Lease Agreements, only one (1) of them remains in term – the other six (6) Lease Agreements have expired by their terms. Nevertheless, because Brick has failed to pay GECC post-petition sums owed under the one (1) remaining in-term Lease Agreement, and because the other six (6) Lease Agreements have expired by their terms, the Debtors no longer have any right to continue to keep and retain the Leased Equipment (also defined in the Motion). This is especially so, where, as in this case, the Debtors are not paying for the use of the equipment under the six (6) expired Lease Agreements.

5. Despite multiple promises at several hearings before this Court, post-petition payments owed by the Debtors to GECC have not been forthcoming. Moreover, as indicated at several recent hearings the Debtors intend to move to liquidate and sell their assets. The longer there is delay in hearing the instant Motion the more damage GECC suffers by the nonpayment for, and the use of, its Leased Equipment.

6. Based upon the foregoing, GECC respectfully requests that the Court: (i) schedule an expedited hearing on the Motion for April 22, 2010 at 10:00 a.m., or as soon after as counsel may be heard; and (ii) grant such other relief as the Court deems just and proper.

Dated: April 14, 2010
      Garden City, New York

                            MORITT HOCK HAMROFF & HOROWITZ LLP
                            Counsel to General Electric Capital Corporation

                            By:   s/ Leslie A. Berkoff
                                   Leslie A. Berkoff
                            400 Garden City Plaza
                            Garden City, NY 11530
                            Telephone: (516) 873-2000
                            Facsimile: (516) 873-2010

F:\GECC\Sonix\Bankruptcy\Docs\Emergency Affirmation 4 8 10.doc